UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON F. RANTEESI,<br><br>          Petitioner,<br><br>     v.<br><br>EDWARD BORLA,<br><br>          Respondent. | No.  2:24-cv-02590-DAD-CKD (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION AS AN UNAUTHORIZED SECOND OR SUCCESSIVE PETITION<br><br>(Doc. No. 5) |

      Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On October 21, 2024, the assigned magistrate judge reviewed the pending petition and issued findings and recommendations recommending that it be summarily dismissed as an unauthorized second or successive petition.  (Doc. No. 5.)  Specifically, the magistrate judge pointed out that petitioner has previously filed a petition for a writ of habeas corpus attacking the conviction and sentence challenged in this case that was denied on the merits.  (*Id.* at 1) (citing *Ranteesi v. Grounds*, No. 2:10-cv-00439-GEB-TJB (E.D. Cal.)).  The magistrate judge also noted that it did not appear that petitioner had obtained authorization from the Ninth Circuit Court of Appeals to proceed with a second or successive petition as is required.  (*Id.*)

1	The findings and recommendations were served on all parties and contained notice that
2	any objections thereto were to be filed within fourteen (14) days from the date of service.  (*Id.* at
3	3.)  On November 1, 2024, the court received petitioner's timely objections to the pending
4	findings and recommendations.  (Doc. No. 6.)  Respondent filed no response to petitioner's
5	objections.

6	It is unclear what petitioner wishes the court to consider in his 31-page, difficult to
7	decipher objections.  For instance, petitioner directs the court to his medical malpractice lawsuit,
8	which was dismissed for failure to state a claim.  (*Id*. at 3) (citing *Ranteesi v. Constance, et al.*,
9	No. 2:13-cv-01335-MCE-CKD (E.D. Cal.)).  Petitioner also argues that the "one-year statute of
10	limitation" "under the (AEDPA)" "should not be applicable to [his] claims," but the magistrate
11	judge's pending findings and recommendations do not address the applicable statute of
12	limitations and the recommendation that the pending petition be summarily dismissed as second
13	or successive is not based on timeliness grounds.  (*Id*. at 4.)  Nowhere in his objections does
14	petitioner present any argument regarding his previously filed federal habeas petition that the
15	magistrate judge identified in which he challenged the same underlying state court conviction, but
16	he does admit that "the Ninth Circuit refused to grant [him] leave to file a second or successive
17	petition."  (*Id*. at 9.)

18	In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
19	*de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's
20	objections, the court concludes that the pending findings and recommendations are supported by
21	the record and proper analysis and that petitioner's objections do not provide a basis upon which
22	to reject them.

23	Having concluded that the pending petition must be dismissed, the court also declines to
24	issue a certificate of appealability.  A petitioner seeking a writ of habeas corpus has no absolute
25	right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*
26	*Cockrell*, 537 U.S. 322, 335–36 (2003).  If a court denies a petitioner's petition, the court may
27	only issue a certificate of appealability when a petitioner makes a substantial showing of the
28	denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas

2

1 relief on procedural grounds without reaching the underlying constitutional claims, the court
2 should issue a certificate of appealability if the petitioner shows that "jurists of reason would find
3 it debatable whether the petition states a valid claim of the denial of a constitutional right and that
4 jurists of reason would find it debatable whether the district court was correct in its procedural
5 ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that
6 reasonable jurists would not find the court's determination that the pending petition must be
7 dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of
8 appealability.

9  Accordingly,

10  1. The findings and recommendations issued on October 21, 2024 (Doc. No. 5) are
11  ADOPTED in full;
12  a. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without
13  prejudice as an unauthorized second or successive petition;
14  2. The court DECLINES to issue a certificate of appealability; and
15  3. The Clerk of the Court is directed to CLOSE this case.

16 IT IS SO ORDERED.

17 Dated:  **April 1, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE