UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON F. RANTEESI,<br><br>   Petitioner,<br><br>   v.<br><br>EDWARD BORLA,<br><br>   Respondent. | No. 2:24-cv-02590-DAD-CKD (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND APPLICATION FOR CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 10, 11) |

Petitioner Simon Ranteesi is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 1, 2025, the court dismissed petitioner's petition for writ of habeas corpus as an unauthorized second or successive petition and closed this action. (Doc. No. 8.) In particular, the court explained that petitioner has previously filed a petition for a writ of habeas corpus attacking the conviction and sentence challenged in this case that was denied on the merits and petitioner had conceded that he had not obtained authorization from the Ninth Circuit Court of Appeals to proceed with a second or successive petition as is required. (*Id*. at 1–2.) That same day, judgment was entered. (Doc. No. 9.)

/////

/////

1

1    On April 11, 2025, petitioner filed the pending motion for reconsideration pursuant to
2    Federal Rule of Civil Procedure 59(e).  (Doc. No. 10.)  That same day, petitioner also filed an
3    application for a certificate of appealability.  (Doc. No. 11.)

4    Rule 59(e) "motions to reconsider are not vehicles permitting the unsuccessful party to
5    'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299
6    (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998), (rejecting "after
7    thoughts" and "shifting of ground" as appropriate grounds for reconsideration under Rule 59(e));
8    *see also Goodlow v. Camacho*, No. 3:18-cv-00709-CAB-MDD, 2020 WL 6799381, at *1 (S.D.
9    Cal. Nov. 19, 2020) (noting that parties may not use Rule 59(e) to "relitigate old matters, or to
10   raise arguments or present evidence that could have been raised prior to the entry of judgment")
11   (citation omitted); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal.
12   2001) (the moving party must show "more than a disagreement with the Court's decision, and
13   [that] recapitulation of the cases and arguments considered by the court before rendering its
14   original decision fails to carry the moving party's burden"); *Costello v. U.S. Gov't*, 765 F. Supp.
15   1003, 1009 (C.D. Cal. 1991) ("[C]ourts avoid considering Rule 59(e) motions where the grounds
16   for amendment are restricted to either repetitive contentions of matters which were before the
17   court on its prior consideration or contentions which might have been raised prior to the
18   challenged judgment.").

19   "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly
20   discovered evidence, (2) the district court committed clear error or made an initial decision that
21   was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v.
22   McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d
23   734, 737 (9th Cir. 2001)).  A Rule 59(e) motion seeks "a substantive change of mind by the
24   court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988), and "is an extraordinary remedy
25   which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir.
26   1999).

27   Here, petitioner's motion for reconsideration and application for a certificate of
28   appealability are a rehash of many of the arguments petitioner previously furthered in his

objections to the magistrate judge's findings and recommendations (Doc. No. 6), which the undersigned has already considered and rejected (Doc. No. 8).  Petitioner again argues that he was "the victim of Medical Malpractice because of Paxil Intoxication," "the victim of Racial Justice Act," and "Innocent of the Charged Crime."  (Doc. No. 10 at 1.)  However, petitioner once again presents no argument related to the reason that the court dismissed his petition and declined to issue a certificate of appealability—namely, his previously filed federal habeas petition challenging the same underlying state court conviction.  "Mere disagreement with the court's prior ruling [] provides no basis to grant a motion to amend or alter the judgment." *Patterson v. Sullivan*, Co. 1:18-cv-00361-DAD-EPG (HC), 2019 WL 2026687, at *1 (E.D. Cal. May 8, 2019) (citing *Westlands Water Dist.*, 134 F. Supp. 2d at 1131 ("To succeed [on a Rule 59(e) motion], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.")).  Petitioner here has set forth no facts or law that would induce the court to reconsider its prior decision.  Because he has not demonstrated that the court's prior order was erroneous in any respect, the court finds no basis to grant the requested relief.

Accordingly,

1. Petitioner's motion for reconsideration (Doc. No. 10) is DENIED;
2. Petitioner's application for the issuance of a certificate of appealability (Doc. No. 11) is DENIED for the reasons explained in the court's prior order (Doc. No. 8); and
3. This case shall remain CLOSED.

IT IS SO ORDERED.

Dated:   **June 23, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE